UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. D., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ALICE HELEN ABLER, et al.,<br><br>   Defendants. | Case No. 25-cv-04431-JD<br><br>**ORDER RE DISMISSAL** |

  Plaintiffs Zachary Deloach and Renee Contreras-Deloach allege claims on behalf of themselves and their minor child I.D., who has special needs, in connection with an incident in which defendant Alice Abler, a teacher at the Winzler Children's Center, is said to have slammed I.D.'s body against a wall and yelled at I.D.  Defendants include Abler' supervisor Elizabeth Rice, the Eureka City Schools District, and unnamed Does.  *See* Dkt. No. 1.

  Defendants ask to dismiss the complaint.  Dkt. No. 4.  The motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing set for August 14, 2025, is vacated.  The parties' familiarity with the record is assumed, and the complaint is dismissed with leave to amend in main part.

  Claims 1 through 13 are dismissed as to all defendants with leave to amend.  The complaint alleges many claims pursuant to specific penal code sections, and plaintiffs did not demonstrate that there is a private cause of action under those statutes.  *See Animal Legal Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 141-42 (2008).  The attempt to recast certain claims as resting on alternative legal grounds, *see* Dkt. No. 12 at 9-11, is inconsistent with the complaint's express allegations.  With respect to claims against the District, the allegations do not in any comprehensible way identify "a specific statute declaring [the District] to be liable, or at least

creating some specific duty of care" to impose direct tort liability on the District. *Eastburn v. Regional Fire Protec. Auth.*, 31 Cal. 4th 1175, 1183 (2003).

The complaint alleges many claims against Abler and her supervisor, Rice, but plaintiffs made no effort to set forth clearly which actions by Rice would make her directly liable on the various theories alleged. *See George F. Hillenbrand, Inc. v. Ins. Co. of N.A.*, 104 Cal. App. 4th 784, 823 (2003) ("The doctrine of *respondeat superior* is not applicable to the relationship between a supervisor and his subordinate employees." (citation omitted)); *see also* Fed. R. Civ. P. 8(a)(2) (complaint must plausibly allege "a short and plain statement of the claim"). Plaintiffs Zachary and Renee did not plausibly allege that defendants breached any duties of care that were *owed to them*. Plaintiffs contend in their opposition there is a "special relationship" between the school and parents, *see* Dkt. No. 12 at 8, but there are no allegations to that effect in the complaint.

The fourteenth claim, brought under 42 U.S.C. § 1983, is dismissed without prejudice as to Abler and Rice and the Doe defendants in their individual capacities but with prejudice as to the District and the individual defendants in their official capacities. Section 1983 claims cannot be sustained against California school districts because they are state agencies for purposes of Eleventh Amendment immunity. *See C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1247-48 (9th Cir. 2015). For the same reason, Section 1983 does not provide a basis for claims against California school district employees in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991). For the claims against Abler, Rice, and the Doe defendants in their individual capacities, the complaint does not plausibly allege the deprivation of a federal right. Plaintiffs contend in their opposition the complaint alleges a deprivation of the Eighth Amendment's guarantee against cruel and unusual punishment, *see* Dkt. No. 12 at 3-4, but the complaint is bereft of any such allegations.

Plaintiffs are advised that, although Rule 8(a) does not demand particularity, a kitchen sink approach to pleading with broad cross references to general allegations will typically not suffice. The Court also has concerns about the opposition brief filed by counsel for plaintiffs. Dkt. No. 12. The opposition relies on cases from the Fourth Circuit construing Rule 12(b)(6) that date from the 1990s and 1970s. *See id.* at 2. The citations are outdated and superseded by current pleading

standards, and the Fourth Circuit is a long way away from the circuit in which this Court sits. Plaintiffs' authorities propound a pleading standard that the Supreme Court of the United States clearly rejected nearly two decades ago.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Other issues included: (1) consistent misspellings and typographical errors, demonstrating a lack of attentiveness, and (2) citations to authority that have no apparent connection to the proposition for which they are being cited, *see* Dkt. No. 12 at 8.  Additionally, the complaint alleges a claim based on Cal. Penal Code § 255(a)(4), which does not appear to exist.  Further conduct along these lines will result in sanctions, including dismissal of the case and professional conduct sanctions.

Plaintiffs may file an amended complaint consistent with this order by September 2, 2025. No new parties or claims may be added without the Court's prior consent.  Failure to meet the filing deadline or otherwise comply with this order will result in dismissal of the amended complaint pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 13, 2025

JAMES DONATO
United States District Judge